UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Freddie Owens, | ) | C/A No. 0:15-mc-00254-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bryan P. Stirling, *Commissioner, South Carolina Department of Corrections*; Joseph McFadden, *Warden, Lieber Correctional Institution*, | ) ) ) ) ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Petitioner's Motion to Stay of Execution and Motion to Appoint Counsel, which was filed on July 27, 2015. (ECF No. 1). Also pending is Petitioner's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 2). Respondents filed a response to the Motion to Stay and Motion to Appoint Counsel on July 29, 2015. (ECF No. 7). Petitioner filed a reply to the Respondents' response on July 31, 2015. (ECF No. 8).

**1. Motion for Stay**

Petitioner's execution date has not yet been set. (See ECF No. 1). However, Petitioner states in the Motion for Stay of Execution that his execution is imminent and his counsel expect the execution to be scheduled for the "fourth Friday following issuance of the remittitur to the circuit court." (Id. at 1, fn. 1). According to the Petitioner, the South Carolina Supreme Court issued the remittitur in this case on July 23, 2015. (Id.). Thus, Petitioner asks for a stay to provide his counsel sufficient time to prepare, present, and litigate on his behalf a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Id. at 1).

1

In their response, the Respondents indicate that they do not oppose a stay in this matter. (ECF No. 7 at 5). However, they request that the stay be limited to 90 days pursuant to 28 U.S.C. § 2251(a)(3), with the allowance that the Petitioner may seek a further stay pursuant to subsection (a)(1). (Id.). In its reply, the Petitioner argues that the 90-day limitation is inappropriate and that the only applicable deadline is the statute of limitations for filing a habeas petition. (ECF No. 8).

A federal court has jurisdiction to issue a stay of execution once a capital defendant invokes his or her right to counsel under 28 U.S.C. § 2251. *See* 28 U.S.C. § 2251(a)(3); McFarland v. Scott, 512 U.S. 849, 858 (1994) ("once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution"). As noted, Petitioner has filed a request for appointment of counsel. (ECF No. 1). Thus, this "federal court also has jurisdiction under § 2251 to enter a stay of execution." McFarland, 512 U.S. at 858; see also 28 U.S.C. § 2251(a)(3). The length of the stay is addressed by § 2251(a)(3), which provides that the stay "shall terminate" not more than 90 days after the appointment of counsel or after the application for appointment is withdrawn or denied. Section 2251(a)(1) gives the Court additional authority to stay state proceedings thereafter.

Having carefully reviewed the record, briefing, and relevant authority, the Court finds that the Petitioner should be granted a stay of execution. The stay shall terminate 90 days after the appointment of counsel as required by 28 U.S.C. § 2251(a)(3). Parties may seek an additional stay of execution as necessary pursuant to § 2251(a)(1) to allow for full consideration of Petitioner's imminent habeas petition.

**2. Motion to Appoint Counsel and Motion to Proceed** *in forma pauperis*

The Petitioner's Motion to Appoint Counsel and Motion to Proceed *in forma pauperis* is hereby referred to the Magistrate Judge for disposition.

**IT IS SO ORDERED**.

s/Terry L. Wooten
Chief United States District Judge

August 5, 2015
Columbia, South Carolina

3