IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens,<br><br>                Petitioner,<br><br>v.<br><br>Bryan P. Stirling, *Commissioner,*<br>*South Carolina Department of Corrections*;<br>Joseph McFadden, *Warden, Lieber*<br>*Correctional Institution,*<br><br>                Respondents. | Case No. 0:15-mc-00254-TLW-PJG<br><br>**ORDER** |

The petitioner in this capital habeas corpus matter, Freddie Owens ("Petitioner"), is a state prisoner convicted of murder, armed robbery, and conspiracy who has been sentenced to death. This matter is before the court on Petitioner's motion for appointment of counsel (ECF No. 1) and motion for leave to proceed *in forma pauperis* (ECF No. 2).[1] Respondents filed a response on July 29, 2015 (ECF No. 7) and Petitioner replied on July 31, 2015 (ECF No. 8). Accordingly, these motions are ripe for review.

**Motion for Leave to Proceed *In Forma Pauperis***

Petitioner has filed a motion for leave to proceed *in forma pauperis*. The court has reviewed this submission and finds that Petitioner has shown that he is indigent and qualifies to proceed *in forma pauperis* in this case. Accordingly, the court GRANTS Petitioner's motion to proceed *in forma pauperis* (ECF No. 2).

---

[1] Petitioner has also filed a motion to stay his execution (ECF No. 1). That motion will be addressed in a separate order.

**Motion for Appointment of Counsel**

Pursuant to 18 U.S.C. § 3599(a)(2), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal habeas corpus remedies. Further, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." McFarland v. Scott, 512 U.S. 849, 858 (1994). Thus, § 3599 contemplates the appointment of qualified counsel prior to the filing of a petition for writ of habeas corpus.

In addition, § 3599 sets forth the required qualifications for appointed counsel in capital cases:

> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
>
> (d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

In his motion, Petitioner requests that this court appoint Emily C. Paavola and Lindsey S. Vann to represent him in this action. However, in light of Martinez v. Ryan, 132 S. Ct. 1309 (2012), Travino v. Thaler, 133 S. Ct. 1911 (2013), and the Fourth Circuit's application of those cases in Juniper v. Davis, 737 F.3d 288 (4th Cir. 2013), Gray v. Pearson, 526 F. App'x 331 (4th Cir. 2013), and Fowler v. Joyner, 753 F.3d 446 (4th Cir. 2014), Respondents object to appointing Paavola because she also represented Petitioner in his state post-conviction proceedings. In addition, although Vann had no involvement in Petitioner's state court proceedings, she works with Paavola at the Death Penalty Resource & Defense Center. The court agrees with Respondents that appointing Paavola or Vann could result in potential conflicts of interest.

Accordingly, in keeping with this District's Plan for Implementing the Criminal Justice Act of 1964 ("CJA"), 3:10-mc-05005 (May 25, 2010), the court appoints two attorneys from the District's CJA Death Penalty Panel Attorney List—John D. Delgado of Columbia, South Carolina, as Lead Counsel, and William H. Monckton, VI of Myrtle Beach, South Carolina, as Second Chair.[2] The court has approved Delgado and Monckton to be members of the death penalty CJA panel based on their certifications that they are members in good standing of the federal bar of this District and that they are eligible and willing to provide representation under the CJA. In addition, as a member of the District's first-tier, or lead counsel, death penalty CJA list, Delgado has certified that he has been admitted to practice in this District for at least five years and has not less than three years' experience handling felony cases, demonstrating his compliance with § 3599. Further, the court finds good cause to appoint Monckton as Second Chair based on his background, knowledge, and experience, the complexity of the case, and the seriousness of the possible penalty. Monckton has been admitted to practice in this District for at least five years.

Thus, the court finds that Delgado and Monckton are qualified to represent Petitioner under § 3599. Lead counsel, John D. Delgado, shall be compensated at a rate of $181.00 per hour and second chair counsel, William H. Monckton, VI, shall be compensated at a rate of $150.00 per hour. Counsel shall represent Petitioner for the duration of this matter, including every available stage of judicial proceedings before this court. Should either attorney have a conflict not apparent from the record, or if other good cause exists to not appoint either attorney, counsel shall have ten days from the date of this order to file a motion to be relieved.

---

[2] In his reply, Petitioner suggests appointing John Mills in lieu of Paavola. According to Petitioner, Mills is highly qualified. However, Mills is not licensed to practice before this court and has not been appointed to the District's death penalty CJA panel.

**Cost Containment and Budgeting**

The court cautions counsel that duplication of efforts and unnecessary attorney time are to be avoided. The Judicial Council of the United States Court of Appeals for the Fourth Circuit has considered adoption of a resolution governing review of attorney compensation requests in death penalty habeas corpus cases.[3] Under this resolution, any request for compensation in excess of certain amounts ($50,000) per attorney at the district court level is deemed presumptively excessive. While the effective date of this resolution has been stayed pending public comment,[4] the court proposes a total case budget in this matter not to exceed $100,000 for expenses and fees, absent compelling circumstances.

**State Court Record**

For the court's reference and for case management purposes, counsel for Respondents are directed to file a complete record of all state court proceedings to date in connection with this matter within thirty (30) days of the date of this order. Additionally, counsel shall provide one courtesy copy each to the assigned District Judge and Magistrate Judge.

---

[3] See *Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases*, http://www.ca4.uscourts.gov/pdf/noticeofresolutionattorneycompensationcapitalcases.pdf.

[4] See *Suspension of Effective Date of Special Procedures for Reviewing Attorney Compensation requests in Death Penalty Cases*, http://www.ca4.uscourts.gov/pdf/noticeofsuspensionresolutionattorneycompensationcapitalcases.pdf.

PJG

In sum, the court orders the following:

1. Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED;

2. Petitioner's motion for appointment of counsel (ECF No. 1) is GRANTED in part;

3. Respondents' counsel shall file a complete record of state court proceedings related to this matter within 30 days of this order.

**IT IS SO ORDERED.**

                                                Paige J. Gossett
                                                UNITED STATES MAGISTRATE JUDGE

August 13, 2015
Columbia, South Carolina