IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddie Owens, | ) | |
| | ) | Case No. 0:15-mc-00254-TLW-PJG |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bryan P. Stirling, Commissioner, | ) | **(DEATH PENALTY CASE)** |
| South Carolina Department of Corrections; | ) | |
| Joseph McFadden, Warden, Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The petitioner in this capital habeas corpus matter, Freddie Owens ("Petitioner"), is a state prisoner convicted of murder, armed robbery, and conspiracy and sentenced to death. This matter is before the court on Petitioner's Motion to Substitute Attorney (ECF No. 20) and Motion to Withdraw as Attorney (ECF No. 23).[1] The deadlines to respond to these motions have passed, and Respondents did not file a response to either of these motions. Accordingly, these motions are ripe for review.

Pursuant to 18 U.S.C. § 3599(a)(2)[2] and in keeping with this District's Plan for Implementing the Criminal Justice Act of 1964, 3:10-mc-05005 (May 25, 2010), this court previously appointed two attorneys from the District's CJA Death Penalty Panel Attorney List— John D. Delgado of Columbia, South Carolina, as Lead Counsel, and William H. Monkton, VI,

---

[1] Petitioner has also filed a motion to stay his execution (ECF No. 25). That motion will be addressed in a separate order.

[2] In accordance with 18 U.S.C. § 3599(a)(2), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal habeas corpus remedies. Further, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Thus, § 3599 contemplates the appointment of qualified counsel prior to the filing of a petition for writ of habeas corpus.

1

of Myrtle Beach, South Carolina, as Second Chair. (ECF No. 11). On October 26, 2015, Petitioner filed a motion informing the court that he was dissatisfied with Mr. Monckton serving as second chair counsel in this matter and requesting that Mr. Monckton be replaced by the Federal Capital Habeas Unit (CHU) of the Federal Public Defender Office for the Middle District of Tennessee. (ECF No. 20). In support of his motion, Petitioner submitted affidavits from the members of the three-person team with CHU whom he asks this court to appoint. (ECF No. 20-3). Those individuals include Kelley J. Henry, Jerome Del Pino, and Gretchen L. Swift. (ECF No. 20-3).

On October 27, 2015, Mr. Monkton filed a motion requesting that he be relieved as counsel as he had "received communication from the Petitioner that would make it impossible for [him] to effectively advocate on [Petitioner's] behalf." (ECF No. 23).

The statute under which Mr. Delgado and Mr. Monckton were appointed also contemplates that appointed counsel may be replaced "upon the attorney's own motion or upon motion of the defendant[.]" 18 U.S.C. § 3599(e). The United States Supreme Court has held that trial courts should "employ the same 'interests of justice' standard that they apply in non-capital cases . . ." when evaluating such motions for the substitution of counsel. *Martel v. Clair*, 132 S. Ct. 1276, 1281 (2012) (citing 18 U.S.C. § 3006A). According to the Supreme Court, it is well established that "courts cannot properly resolve a substitution motion without probing why a defendant wants a new lawyer." *Id.* at 1288. To that end, courts may look into "the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Id.* at 1287.

Based on the information provided to this court, it appears that Petitioner objects to Mr. Monckton as counsel in this matter because he has previous prosecutorial experience. In a letter

to Mr. Delgado that appears to have been received on September 28, 2015, Petitioner indicated that he had met with Mr. Delgado and two members of the CHU team and that he would feel comfortable having them represent him.[3] (ECF No. 20-1). Petitioner further indicated that while he had not yet met with Mr. Monckton, he had read about him and could not "accept the notion of his past prosecutorial endeavors." (ECF No. 20-1). According to Petitioner, if Mr. Monckton was "force[d]" upon him, he could not say whether Mr. Monckton would be "subjected to the belligerent side of me . . . ." (ECF No. 20-1).

**Motion to Withdraw**

Petitioner's articulated reasons for being dissatisfied with Mr. Monckton serving as second chair in this case do not persuade the court that the interests of justice require, or even warrant, the substitution of counsel. However, Mr. Monckton had indicated that he cannot effectively advocate on Petitioner's behalf due to the communication that he received from Petitioner. Petitioner's decision to show belligerence toward Mr. Monckton, despite having never met with him, coupled with Mr. Monckton's own statement to this court regarding his ability to remain second chair counsel, are sufficient to bring into question Mr. Monckton's continued representation in this matter. The court grants Mr. Monckton's motion to withdraw. However, the court notes that Petitioner's asserted basis for requesting new counsel—his objection to Mr. Monckton though he had not met with him merely because Mr. Monckton previously worked as a prosecutor[4]—has created the perceived conflict in this case.

---

[3] This court appointed Mr. Delgado and Mr. Monckton on August 13, 2015. (ECF No. 11). Apparently, Mr. Delgado first met with Petitioner on August 19, 2015. (*See* ECF No. 20). Thereafter, on September 10, 2015, two members of the CHU team, Ms. Henry and Mr. Del Pino, met with Petitioner. (*See* ECF No. 20-3).

[4] According to Mr. Monckton's website, he worked as an assistant solicitor in the Fourth Circuit Solicitor's Office from 1993–1994. See Attorney Profile, William H. Monckton VI, http://www.myrtlebeachlawfirm.net/myrtle_beach_lawyer_william_monckton.php.

**Motion to Substitute**

Having granted Mr. Monckton's request to withdraw as counsel in this case, the court turns to the issue of appointing substitute second chair counsel for this habeas action. The court denies Petitioner's motion to substitute the Federal Capital Habeas Unit of the Federal Public Defender Office for the Middle District of Tennessee.  Though the proposed team is willing to accept appointment, and they are highly qualified according to Petitioner, they are not licensed to practice before this court and have not been appointed to this District's death penalty CJA panel. The court is also cognizant of the fact that none of the members of the team have been admitted to practice in the state of South Carolina, yet the issues in this habeas corpus action will presumably arise out of the application of South Carolina law, practices, and procedures.  Thus, the court declines to appoint them as second chair counsel in this habeas action.[5]  *See Christeson v. Roper*, 135 S. Ct. 891, 893–94 (2015) ("Congress has not . . . conferred capital habeas petitioners with the right to counsel of their choice.  Instead, the statute leaves it to the court to select a properly qualified attorney.").

The Court hereby appoints William H. Ehlies, II, of Greenville, South Carolina, as Second Chair.  The court has approved Mr. Ehlies to be a member of the death penalty CJA panel based on his certifications that he is a member in good standing of the federal bar of this District and that he is eligible and willing to provide representation under the CJA.  Mr. Ehlies is a member of the District's first-tier, or lead counsel, death penalty CJA list, and as such, Mr. Ehlies has certified that he has been admitted to practice in this District for at least five years and has not less than three years' experience handling felony cases, demonstrating his compliance

---

[5] In its order appointing Mr. Delgado and Mr. Monckton, this court similarly declined to appoint John Mills, whom the Petitioner had previously suggested.  (*See* ECF No. 11, n.2).

with § 3599.[6]  The court finds good cause to appoint Mr. Ehlies as Second Chair based on his background, knowledge, and experience, the complexity of the case, and the seriousness of the possible penalty.

The court finds that Mr. Ehlies is qualified to represent Petitioner under § 3599.  As second chair counsel, William H. Ehlies, II, shall be compensated at a rate of $127.00 per hour.  Counsel shall represent Petitioner for the duration of this matter, including every available stage of judicial proceedings before this court.  Should Mr. Ehlies have a conflict not apparent from the record, or if other good cause exists to not appoint him, he shall have ten days from the date of this order to file a motion to be relieved.

Based on the foregoing, it is hereby

**ORDERED** that Petitioner's Motion to Substitute Attorney (ECF No. 20) is GRANTED in part and DENIED in part.  It is further

**ORDERED** that Petitioner's Motion to Withdraw as Attorney (ECF No. 23) is GRANTED.

**IT IS SO ORDERED.**

November 24, 2015                 Paige J. Gossett
Columbia, South Carolina        UNITED STATES MAGISTRATE JUDGE

---

[6] The statute sets forth the following required qualifications for appointed counsel in capital cases:

> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
>
> (d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.