IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddie Owens, | ) | C/A No. 0:15-mc-254-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | **(DEATH PENALTY CASE)** |
| | ) | |
| Bryan P. Stirling, Commissioner, South | ) | |
| Carolina Department of Corrections; | ) | |
| Joseph McFadden, Warden, Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The petitioner in this capital habeas corpus matter, Freddie Owens ("Petitioner"), is a state prisoner convicted of murder, armed robbery, and conspiracy and sentenced to death. This matter is before the court on Petitioner's Motions to Appoint Counsel (ECF Nos. 37 & 38.)

Petitioner is currently represented in this matter by John D. Delgado of Columbia, South Carolina, who is serving as Lead Counsel, and by William H. Ehlies, II, of Greenville, South Carolina, who is serving as Second Chair. Both Mr. Delgado and Mr. Ehlies were appointed by this court pursuant to 18 U.S.C. § 3599(a)(2) and in keeping this District's Plan for Implementing the Criminal Justice Act of 1964, 3:10-mc-05005 (May 25, 2010). (*See* ECF Nos. 11 & 37). Petitioner now asks this court to additionally appoint Kelley Henry, Jerome Delpino, and Gretchen Swift of the Capital Habeas Unit ("CHU"), Federal Public Defender Office for the Middle District of Tennessee, as *pro bono* counsel.[1] (ECF No. 37.)

---

[1] Petitioner had previously requested that these same individuals from the CHU be appointed as second chair in this case. (ECF No. 20). This court declined to appoint the CHU team as second chair for the reasons discussed in its November 24, 2015 order. (ECF No. 29.)



As Petitioner is currently represented by well qualified, very experienced counsel who have been approved to represent death row habeas defendants by the CJA Panel Committee and ultimately the entire District Court, the court denies Petitioner's motion to appoint additional counsel. The full responsibility of representing Petitioner in this matter is on Mr. Delgado and Mr. Ehlies as Lead Counsel and Second Chair, respectively, and should not be possibly diminished by appointing additional counsel of record in this case. Additionally, as noted in the court's previous order, this death penalty case arises out of South Carolina, and it likely will require the consideration of South Carolina law and procedure. The motion requests that this court appoint lawyers who practice and reside outside the State of South Carolina and may handle numerous other cases within their own district. This could negatively affect their ability to appear in this district when required, which will be necessary in connection with this significant case.

This court's order, however, does not deny Mr. Delgado and Mr. Ehlies the opportunity to utilize any resources available to them—including but not limited to the CHU—as long as such would be otherwise consistent with applicable law, Judicial Conference policy, and orders of the court. Again, the ultimate responsibility for representation is on Mr. Delgado and Mr. Ehlies, who have been approved after careful and due consideration.

Based on the foregoing, it is hereby

**ORDERED** that Petitioner's Motions to Appoint Counsel (ECF Nos. 37 & 38) are **DENIED**.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 10, 2015
Columbia, South Carolina