IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens,<br><br>　　　　PETITIONER<br><br>　　v.<br><br>Bryan P. Stirling, Commissioner, South Carolina Department of Corrections; Joseph McFadden, Warden, Lieber Correctional Institution,<br><br>　　　　RESPONDENTS | Case No. 0:15-mc-00254-TLW-PJG<br><br>**Order** |

　　This matter is before the Court on Petitioner's motion requesting that the undersigned recuse himself pursuant to 28 U.S.C. §§ 455(a) and (b)(1). ECF No. 54. For the reasons set forth below, that motion is denied.

　　Counsel has been appointed to represent Petitioner in this federal habeas matter arising out of his 1999 conviction and death sentence in Greenville County, South Carolina. As set forth in the motion, after Petitioner's February 15, 1999 convictions for death-eligible murder, armed robbery, and use of a weapon during the commission of a violent offense, he was returned to the Greenville County Detention Center pending the sentencing phase of the trial. That evening, he killed a cellmate, and he gave a written confession the following morning. *See* ECF No. 54 at 8–10. That confession, along with testimony from the pathologist who conducted the autopsy of the killed inmate, were introduced into evidence at the sentencing phase of the underlying trial. He was sentenced to death.

　　In 2001, two years after Petitioner was convicted and sentenced, the family of the inmate he killed brought a wrongful death and survival claim in the U.S. District Court against Greenville County and other entities and individuals, generally asserting that they were liable for failing to

1

protect the decedent from Petitioner. *Lee v. Greenville County, et al.*, No. 6:01-cv-00427-TLW (D.S.C.). Petitioner was not a party to the case. After being previously assigned to two other district judges, the case was ultimately assigned to the undersigned. The undersigned's involvement in the case was very limited. Specifically, the undersigned held a status conference and entered a consent scheduling order, four consent orders regarding depositions of inmates, and an order substituting counsel. *Id.*, ECF Nos. 36, 37, 38, 39, 40, 41, 45. Before the date set for jury selection, the magistrate judge held a settlement conference. *Id.*, ECF No. 48. The parties agreed to settle the case for $600,000, and the magistrate judge entered an order approving the settlement and entered an order dismissing the case. *Id.*, ECF Nos. 49, 50, 51. The record does not reflect any involvement by the undersigned in the settlement or dismissal of the case. The undersigned has no independent recollection of the case or any contested evidentiary facts related to it.

In 2006, while incarcerated in the South Carolina Department of Corrections (SCDC), Petitioner filed a pro se lawsuit in the Richland County Court of Common Pleas, asserting various constitutional and state law violations against SCDC and various corrections officers. After the defendants removed the case to federal court, it was assigned to the undersigned. *Salam, et al. v. S.C. Dep't of Corr., et al.*, No. 4:06-cr-03047-TLW (D.S.C.).[1] The defendants filed a timely motion for summary judgment in Petitioner's case, and despite the magistrate judge's issuance of a *Roseboro* order, Petitioner did not file a response to the summary judgment motion. *Id.*, ECF Nos. 22, 24. The magistrate judge issued a report and recommendation (R&R) recommending that the case be dismissed for failure to prosecute under Rule 41(b) or, alternatively, that the summary

---

[1] Petitioner sometimes uses the name of Khalil A. Salam. He was one of five plaintiffs listed in the suit, but the magistrate judge assigned to the case granted the defendants' motion to sever and directed the clerk of court to assign separate civil action numbers to the other inmates. *Id.*, ECF Nos. 4, 20.

2

judgment motion be granted on the basis of failure to exhaust administrative remedies and qualified immunity. *Id.*, ECF No. 28. Although given notice of the consequences of failing to file objections, Petitioner did not respond to the R&R. *Id.*, ECF No. 28-1. After giving Petitioner more than the allotted time to respond to the R&R, the undersigned reviewed the R&R under the proper legal standard, accepted the R&R, granted the summary judgment motion, and dismissed the federal claims, remanding the state claims to state court. *Id.*, ECF No. 31. Aside from that order, the undersigned had no other involvement in the case. Again, the undersigned has no independent recollection of this 2006 case.

Contrary to Petitioner's argument, the undersigned's limited involvement in these ten- and fifteen-year-old cases provides no basis for recusal. The relevant subsections of 28 U.S.C. § 455 provide related to disqualification as follows:

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)  He shall also disqualify himself in the following circumstances:
>
>> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

This Court has carefully reviewed a number of cases, including Fourth Circuit opinions, in connection with the recusal motion. The test under § 455(a) is an objective one, as "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). "The critical question presented by the statute is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (citations omitted). In contrast, the test under § 455(b)(1) is subjective, as it looks to personal bias or prejudice, or personal knowledge of

3

disputed evidentiary facts. *See id.*

In general, to warrant recusal under § 455, the alleged impartiality, bias, prejudice, or personal knowledge of disputed facts must stem from an extrajudicial source—an event, a proceeding, or an experience outside the courtroom in any case, not simply the case presently before the court. *See Liteky*, 510 U.S. at 554–55. Thus, the extrajudicial source doctrine does not require recusal as a result of the judge learning in prior cases about matters related to the instant case or from the judge presiding over a prior case involving the same party, unless it would in some manner impact impartiality. *See, e.g.*, *id.* at 555 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." (emphasis added)); *Marks v. Cook*, 347 F. App'x 915, 917 (4th Cir. 2009) (holding that the district judge properly denied a motion for recusal in a civil case where the judge previously presided over a criminal proceeding against one of the plaintiffs); *Reed v. Lawrence Chevrolet, Inc.*, 14 F. App'x 679, 687–88 (7th Cir. 2001) (holding that the district judge was not required to recuse himself as a result of having presided over a prior case involving the plaintiff's wife); *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658, 665–66 (D. Md. 2013) (denying a motion for recusal in an employment discrimination case where the district judge had remanded to state court a prior civil case filed by the plaintiff); *In re Sustaita*, 438 B.R. 198, 214 (B.A.P. 9th Cir. 2010) (holding that a bankruptcy judge was not required to recuse himself where, in a prior case, he had found the party in contempt and fined him $1 million); *see also United States v. Cowden*, 545 F.2d 257, 266 (1st Cir. 1976) ("[T]he judicial system could not function if judges could deal but once in their lifetime with a given defendant, or had to withdraw from a case whenever they had presided in a related or

companion case or in a separate trial in the same case.").

The only recognized exception to the extrajudicial source doctrine is when the judge has displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. This favoritism or antagonism must be "so extreme as to display clear inability to render fair judgment." *Id.* at 551. Judge Wilkinson's opinion in *Belue v. Leventhal*, 640 F.3d 567 (4th Cir. 2011) discusses three such examples of where recusal was appropriate:

> In *Liteky,* the Court provided an example of such conduct: the district judge's remark in an espionage case against German–American defendants that "'[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Liteky*, 510 U.S. at 555 (quoting *Berger v. United States*, 255 U.S. 22, 28 (1921)). With this example in mind, courts have only granted recusal motions in cases involving particularly egregious conduct. Thus, in *United States v. Antar*, 53 F.3d 568 (3d Cir. 1995), the Third Circuit concluded that the defendants in a criminal case should have received a new trial in a situation where the judge made clear that his "object in th[e] case from day one" had been to recover funds that the defendants had taken from the public. *Antar*, 53 F.3d at 573. Recusal would have been proper there because "the district judge, in stark, plain and unambiguous language, told the parties that his goal in the criminal case, from the beginning, was something other than what it should have been and, indeed, was improper." *Id.* at 576. Likewise, in *Sentis Group, Inc. v. Shell Oil Co.,* 559 F.3d 888 (8th Cir. 2009), the court of appeals concluded that recusal would have been appropriate (and thus reassigned the case on remand) under § 455(a) where the judge "directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times" and refused to allow the plaintiffs to present argument at the sanctions hearing. *Sentis Group*, 559 F.3d at 904–05.

*Id.* at 573. Cases involving the extreme facts necessary to support recusal are rare. *See id.* ("Similar examples are, thankfully, not easy to find."). The facts of two of the previously-cited cases where recusal was not required—*Liteky* and *DeTemple*—also serve to illuminate the limited situations that justify recusal.

In *Liteky*, the defendant in a destruction of property case moved to disqualify the district judge based on the judge having convicted the defendant of various misdemeanors in a bench trial eight years earlier. *Liteky*, 510 U.S. at 542. The defendant asserted that, in the prior trial, the judge had displayed "impatience, disregard for the defense, and animosity" towards the defendant, his

5

co-defendants, and their beliefs. *Id.* The district judge denied the recusal motion and the Eleventh Circuit affirmed. *Id.* at 543. The Supreme Court affirmed, holding that "[a]ll of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses." *Id.* at 556.

In *DeTemple*, the district judge presiding over an arson and fraud trial had, while in private practice, represented one of the victims of the defendant's fraud and had sent several dunning letters to the defendant on behalf of the victim. *DeTemple*, 162 F.3d at 284. The defendant asserted that the judge should recuse himself, primarily because he was a lawyer in the matter in controversy and that his representation of the victim gave him personal knowledge of disputed evidentiary facts concerning the proceeding. *Id.* at 285. The district judge denied the recusal motions and the Fourth Circuit affirmed, holding that the alleged conflicts raised by the defendant did not support recusal. *See id.* at 287.

A judge is not required to recuse himself based on "unsupported, irrational, or highly tenuous speculation," and "to constitute grounds for disqualification, the probability that a judge will decide a case on a basis other than the merits must be more than trivial." *DeTemple*, 162 F.3d at 287 (citations omitted). "'[O]pinions held by judges as a result of what they learned in earlier proceedings' are not subject to 'deprecatory characterization as bias or prejudice'" *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995) (quoting *Liteky*, 510 U.S. at 551). "The Supreme Court has made crystal clear . . . that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of the case." *Id.* at 267–68; *see also Belue*, 640 F.3d at 574 ("[R]ecusal decisions reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to

6

prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." (citation omitted)).

The facts of this case are insufficient to justify recusal under § 455. As noted above, the undersigned's only prior involvement with Petitioner involves being assigned two ten- and fifteen-year-old civil cases, neither of which involved substantive work by the undersigned. The matters were referred to magistrate judges. As noted, the record reflects that the 2001 case was handled by the magistrate judge, who approved the settlement and then entered an order dismissing the case. The record also reflects that the 2006 case was referred to a magistrate judge who recommended dismissal in an R&R on a procedural rather than substantive basis, which the undersigned accepted after Petitioner did not respond to the summary judgment motion or object to the R&R. The undersigned has no independent recollection of either case. The undersigned's limited involvement in these cases does not support a finding or conclusion that the undersigned's "impartiality might reasonably be questioned," that the undersigned "has a personal bias or prejudice concerning [Petitioner]," or that the undersigned "has personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. Thus, the Court concludes that Petitioner has not met the standard set by § 455 and applicable case law. *See Belue*, 640 F.3d at 574 (referring to "*Liteky*'s high bar for recusal"). Accordingly, his Motion to Recuse, ECF No. 54, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 13, 2016
Columbia, South Carolina