IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens,<br><br>PETITIONER<br><br>v.<br><br>Bryan P. Stirling, Commissioner, South Carolina Department of Corrections; Joseph McFadden, Warden, Lieber Correctional Institution,<br><br>RESPONDENTS | Case No. 0:15-mc-00254-TLW-PJG<br><br>**Order** |

This matter is before the Court on Petitioner's objections, ECF No. 76, to the magistrate judge's order denying Petitioner's motion to conduct pre-petition discovery, ECF No. 56. For the reasons set forth below, those objections are overruled.

Petitioner's motion sought the Court's permission to conduct discovery in this matter prior to filing his § 2254 habeas petition. He sought to obtain he litigation file of Attorney William L. Dodson Jr., who represented the estate of Christopher Lee in a lawsuit against various Greenville County entities arising out of Petitioner killing Lee while they were incarcerated together at the Greenville County Detention Center.[1]  Additionally, Petitioner sought to obtain directly from

---

[1] More specifically, after Petitioner's February 15, 1999 convictions for death-eligible murder, armed robbery, and use of a weapon during the commission of a violent offense, he was returned to the Greenville County Detention Center pending the sentencing phase of the trial. That evening, he killed Lee in his cell, and he gave a written confession the following morning. *See* ECF No. 54 at 8–10. That confession, along with testimony from the pathologist who conducted Lee's autopsy, were introduced into evidence at the sentencing phase of the underlying trial. He was sentenced to death.

In 2001, two years after Petitioner was convicted and sentenced, Lee's family brought a wrongful death and survival claim in the U.S. District Court against Greenville County and other entities and individuals, generally asserting that they were liable for failing to protect Lee from Petitioner. *Lee v. Greenville County, et al.*, No. 6:01-cv-00427-TLW (D.S.C.). Petitioner was not a party to

1

Greenville County a significant amount of information regarding the detention center, its personnel, and its operations from the time period when Petitioner killed Lee. Respondents filed a response in opposition to the motion, ECF No. 64, and Petitioner filed a reply, ECF No. 71.

Magistrate Judge Gossett denied Petitioner's motion, concluding that (1) the motion was premature, as the court lacked proper context to measure good cause because he had not yet filed his petition and had only proffered claims that he intends to raise in the petition; and (2) the Rules Governing § 2254 Cases (§ 2254 Rules) do not permit pre-petition discovery.[2] ECF No. 74. The magistrate judge relied primarily on a Ninth Circuit decision, which held that the district judge committed clear error in granting a habeas petitioner's discovery request prior to him setting forth specific allegations in a verified petition. *See Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106–07 (9th Cir. 1996).

*Calderon* rejected pre-petition discovery for four reasons: (1) "a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery"; (2) "any right to federal discovery presupposes the presentation of an unexhausted federal claim, because a federal habeas petitioner is required to exhaust available state remedies as to each of the grounds raised in the petition"; (3) "Rule 6 [of the § 2254 Rules] is limited to the processes of discovery available under the Federal Rules of Civil Procedure and, with one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery"; and (4) "courts should not allow prisoners to use federal discovery for fishing

---

the case. The case ultimately settled for $600,000.

[2] There was also some mention of information obtained from discovery having an impact on the then-pending motion for recusal. However, after the magistrate judge denied Petitioner's discovery motion, the Court denied his motion for recusal. ECF No. 77. Thus, any discussion of the discovery information impacting the motion for recusal is moot.

expeditions to investigate mere speculation." *Id.* at 1106.

Petitioner timely filed objections to the magistrate judge's order under Rule 72(a) of the Federal Rules of Civil Procedure. ECF No. 76. In his first objection, he argues that his discovery motion and reply, ECF Nos. 56, 71, set forth sufficient information to allow the Court to measure good cause. *See* ECF No. 76 at 3. In his second objection, he argues that the magistrate judge improperly relied on *Calderon* as failing to reflect the current state of the law. *See id.* at 4. In his third objection, he argues that Rule 6 of the § 2254 Rules does not require that a petition be filed prior to discovery being authorized. *See id.* at 5–6. Finally, in his fourth objection, he argues that he has shown good cause to allow discovery in this matter. *See id.* at 6–7.

Rule 72(a) provides as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Review of a magistrate judge's decision on non-dispositive matters, such as discovery, is deferential, and a magistrate judge's order on such issues will be set aside only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Johnson v. Riley*, No. 3:05-cv-03417-HFF, 2007 WL 954145, at *2 (D.S.C. Mar. 26, 2007) (applying the clearly erroneous or contrary to law standard to objections to a magistrate judge's discovery order). "The Federal Rules of Civil Procedure provide magistrate judges with broad discretion in resolving discovery disputes." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D. W. Va. 1994) (internal quotation and citation omitted). A magistrate judge's decision on a nondispositive pretrial matter "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence

3

is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  After careful review of the record in this case, the Court concludes that the order objected to is not clearly erroneous or contrary to law.

Regarding Petitioner's first objection, he has not cited any habeas cases that permitted pre-petition discovery, and the Court's own research has also not disclosed any.  The Court is persuaded by the reasoning in the magistrate judge's order and the *Calderon* opinion that pre-petition habeas discovery is not permissible because there is not a verified petition against which to measure good cause.  Thus, the Court concludes that the magistrate judge's denial of Petitioner's discovery motion on this basis was not clearly erroneous or contrary to law.

Regarding Petitioner's second objection, he has objected to a part of the *Calderon* opinion that the magistrate judge did not rely on in her order.  The second reason *Calderon* gave for not permitting pre-petition discovery is that discovery presupposes the existence of an unexhausted federal claim, which a habeas petitioner could not raise for the first time in federal court.  *See Calderon*, 98 F.3d at 1106.  Petitioner argues that the exhaustion requirement no longer reflects the current state of the law in matters related to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  The Court has no need to decide whether this second reason cited by *Calderon* is still good law in light of *Martinez*, as the magistrate judge did not rely on this reason in her order.  As noted above, she denied the motion because it was premature and because the § 2254 Rules do not permit pre-petition discovery.  Thus, the Court concludes that there is no merit to this objection.

Regarding Petitioner's third objection, there is no basis to conclude that Rule 6 of the § 2254 Rules authorizes pre-petition discovery.  Rule 6(a) provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  The Federal Rules of Civil Procedure do not permit pre-complaint

4

discovery except for one inapplicable exception.[3]  The Court is persuaded by the reasoning in the magistrate judge's order and the *Calderon* opinion that Rule 6 of the § 2254 Rules does not permit pre-petition discovery.  Thus, the Court concludes that the magistrate judge's denial of Petitioner's discovery motion on this basis was not clearly erroneous or contrary to law.

Regarding Petitioner's fourth objection, in which he asserts that he has demonstrated good cause to allow discovery, the Court is not persuaded for the reasons set forth by the magistrate judge—specifically, that good cause cannot be accurately judged in the absence of a petition and that the relevant rules do not permit pre-petition discovery.  Thus, the Court concludes that there is no merit to this objection.

For the reasons set forth above, the Court concludes that Petitioner has not established that the magistrate judge's order is clearly erroneous or contrary to law.  Accordingly, his objections, ECF No. 76, are **OVERRULED**.

**IT IS SO ORDERED**.

> *s/ Terry L. Wooten*
> Terry L. Wooten
> Chief United States District Judge

June 21, 2016
Columbia, South Carolina

---

[3] Rule 27 permits pre-complaint discovery "when a party can show the need to perpetuate testimony that may not be available later." *Calderon*, 98 F.3d at 1106.