IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddie Owens, | ) | C/A No. 0:16-2512-TLW-PJG |
| | ) | |
| Petitioner, | ) | **DEATH PENALTY CASE** |
| | ) | |
| v. | ) | |
| | ) | |
| Bryan P. Stirling, *Commissioner, South Carolina Department of Corrections*, and Joseph McFadden, *Warden of Lieber Correctional Institution*, | ) ) ) ) ) ) | **ORDER** |
| Respondents. | ) ) | |

This death penalty habeas corpus matter is before the court on a motion to stay filed by the petitioner, Freddie Owens ("Owens"). On July 11, 2016, Owens filed his Petition for Writ of Habeas Corpus. (ECF No. 83.) Subsequently, on July 22, 2016, Owens filed a motion to stay and hold this matter in abeyance pending the exhaustion of claims that have previously not been presented to the state courts. (ECF No. 93.) The respondents responded in opposition to the motion. (ECF No. 98). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC and upon review of the parties' filings, the record, and the applicable law, the court grants Owens's motion to stay.

In February 1999, Owens was convicted of murder, armed robbery, use of a firearm during the commission of a violent crime, and conspiracy, for the murder of Irene Graves during the course of an armed robbery, and he was sentenced to death. On direct appeal, the South Carolina Supreme Court affirmed Owens's convictions but reversed the death sentence and remanded the case for a new sentencing proceeding. State v. Owens, 552 S.E.2d 745 (S.C. 2001). In his second sentencing proceeding, Owens was sentenced to death by a judge sitting without a jury. That death sentence

was also reversed on direct appeal. State v. Owens, 607 S.E.2d 78 (S.C. 2004). Owens then received a sentence of death in a third sentencing proceeding, which was affirmed on direct appeal. State v. Owens, 664 S.E.2d 80 (S.C. 2008). Owens's subsequent petition for writ of certiorari to the United States Supreme Court was denied.

Owens subsequently filed an application for post-conviction relief ("PCR") and was represented in an evidentiary hearing by PCR counsel. The PCR court ultimately issued an Order of Dismissal with prejudice, rejecting Owens's claims. Following the denial of his Motion to Alter or Amend the Judgment, Owens filed a petition for a writ of certiorari, which the South Carolina Supreme Court denied.

In the instant Petition, Owens presents twelve grounds for relief, stating that Grounds Six through Twelve are "unexhausted." Not long after filing the Petition in this matter, Owens filed another PCR application in state court raising eight grounds, and that matter is currently pending. As Petitioner notes in his motion, on October 8, 2015, the South Carolina Supreme Court heard oral argument on the question of whether successive PCR applications (such as Petitioner's currently pending state PCR application) should be permitted where there are arguably claims of ineffective assistance of trial counsel that were not effectively presented in a first PCR action. (Petr.'s Mot. Stay, ECF No. 93 at 9–10 (describing Robertson v. State, No. 2012-205909 (Sept. 24, 2014).) To date, the South Carolina Supreme Court has not issued an opinion in that case. However, a number of federal capital habeas corpus actions are currently stayed in this district pending the outcome of Robertson.

Having reviewed the parties' submissions and the applicable law, and based on the facts and circumstances of this case at this time, the court finds that this case should be stayed. See, e.g., Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) (recognizing "that district courts have the inherent



authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

## ORDER

Based on the foregoing, it is hereby

**ORDERED** that the Petitioner's Motion to Stay is granted. The Petitioner shall notify the court within five (5) days of the disposition of Petitioner's currently pending PCR application in state court. The parties shall also submit status reports to the court every sixty (60) days advising this Court of the status of the state PCR action. Additionally, the parties are hereby notified that the court may lift the stay should the court determine that resuming Petitioner's federal habeas action is the best course for the efficient and expedient resolution of this matter.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 18, 2016
Columbia, South Carolina