IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens, ) | C/A No. 0:16-cv-2512-TLW-PJG |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Bryan P. Stirling, Commissioner, South ) | |
| Carolina Department of Corrections; ) | |
| Joseph McFadden, Warden, Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The petitioner in this capital habeas corpus matter, Freddie Owens ("Petitioner"), is a state prisoner convicted of murder, armed robbery, and conspiracy, and sentenced to death. This matter is before the court on Petitioner's Second and Renewed Motion and Request for Authority to Conduct Discovery. (ECF No. 92).

On July 22, 2016, Petitioner filed a motion requesting authority from this court to conduct discovery. (ECF No. 92). Specifically, Petitioner seeks to examine a litigation file from a 42 U.S.C. § 1983 action related to the death of Christopher Lee, a man Petitioner killed while in custody at the Greenville County Detention Center. That file is currently in the custody of William L. Dodson, Jr., who represented Lee's family in that civil action. Petitioner also seeks discovery materials directly from Greenville County, regarding the detention center, its employees, its services, and Lee. Respondents have opposed the motion, asserting that Petitioner fails to show good cause for his requests. (ECF No. 99). And Petitioner has replied. (ECF No. 114).

On October 18, 2016, the court stayed this action, pending a resolution of Petitioner's second post-conviction relief application in state court. (ECF No. 124). That matter has concluded and, on April 27, 2017, the court lifted the stay in this case. (ECF No. 146). Accordingly, Petitioner's fully briefed discovery motion is now ripe for review.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts allows a judge, "for good cause," to "authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause exists "when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Wolfe v. Johnson*, 565 F.3d 140, 165 n.3 (4th Cir. 2009) (quoting *Bracy*, 520 U.S. at 908-09)). Further, Rule 6 requires a party requesting discovery to "provide reasons for the request," "include any proposed interrogatories and requests for admission," and "specify any requested documents."

Both of Petitioner's requests relate to Ground Six[1] of his Amended Petition for Writ of Habeas Corpus. In Ground Six, Petitioner asserts:

> Trial and collateral counsel were ineffective to the prejudice of the applicant by failing to investigate, develop and present evidence of institutional negligence which would have mitigated the State's theory that the in-custody death of Mr. Lee conclusively established future dangerousness and the only sentencing option for the petitioner was death. Evidence from expert witnesses available at the time of the

---

[1] Ground Six remains unexhausted and Petitioner relies on the Supreme Court's decision in *Martinez v. Ryan*, to overcome his procedural default. 566 U.S. 1, 132 S. Ct. 1309 (2012) (holding that inadequate assistance of counsel in initial-review collateral proceedings—such as a state post-conviction relief proceeding—may establish cause for a petitioner's failure to pursue a claim of ineffective assistance of trial counsel in those proceedings).



> petitioner's sentencing trial demonstrated that institutional negligence in failing to classify and detain the petitioner in accordance with that classification, was the proximate cause of the death of Mr. Lee.

(ECF No. 117 at 104-05).

Petitioner has provided an eleven page affidavit from James E. Aiken, a consultant on issues related to prison and jail confinement, to support this claim. (ECF No. 117-7). Mr. Aiken has been qualified as an expert in several states on: future danger posed to inmates, staff, and the community; the ability of inmates to adjust to prison; classification of inmates to determine proper confinement levels; prison conditions; and other matters generally related to prisons, jails, and criminal justice matters. (*Id.* at 2). In his affidavit, Mr. Aiken finds a number of system failures that contributed to Lee's death and concludes, "If only basic necessary measures were taken regarding the above listed system issues leading up to the critical event, it is reasonable to conclude that the critical event involving the death of Mr. Lee would have been prevented." (*Id.* at 11).

### *Civil Case*

In 2001, Lee's family brought a § 1983 wrongful death and survivorship claim against a number of institutional and individual defendants. *Clifford Lee as Personal Representative v. Greenville County, et. al.*, Civil Action No. 6:01-cv-00427-TLW. Petitioner has not obtained a copy of the complaint, but believes it alleges the defendants were negligent in failing to properly provide safety and security to Lee.[2] Specifically, Petitioner states that there was no correctional officer assigned to be inside Lee's cell block and the security cameras were not in operation. (ECF No. 117 at 105). The case settled, a fact that Petitioner argues is an admission that, but for the defendants'

---
[2]Petitioner maintains that the action must have been brought pursuant to the South Carolina Tort Claims Act and 42 U.S.C. § 1983, so the plaintiff would have to prove that the defendants departed from recognized constitutional standards of care, and that this departure was the proximate cause of the injuries that formed the basis of the claim.



institutional negligence, Lee would not have been injured and his death would not have been in issue during the sentencing trials.

In his discovery motion, Petitioner asserts that the case file should identify experts and contain opinions regarding institutional negligence and proximate cause and related interviews of witnesses concerning the details of Lee's death. Petitioner requests these materials because "[p]roof of institutional negligence would certainly have mitigated and countered the State's argument to the jury that death was the only viable sentence because of the State's alleged inability to manage the petitioner. Furthermore, the materials may very well illuminate the context leading to Mr. Lee's tragic killing, which may evidence important features of [Petitioner's] actions, possibly of a defensive nature, in relation to the failings of the institution to provide secure conditions for the prisoners." (ECF No. 92 at 2-3).

Petitioner believes that materials from the civil case could add to Mr. Aiken's affidavit and further show fault on the part of the Greenville County Detention Center for Lee's murder. However, the record does not indicate that the parties dispute the facts surrounding Lee's death. *See Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) ("A federal habeas court must allow discovery . . . only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief . . . . Conclusory allegations are not enough to warrant discovery under Rule 6 . . . ; the petitioner must set forth specific allegations of fact."). Rather, Ground Six calls upon the court to scrutinize previous counsel's investigation and presentation of evidence. Resolving this issue does not require a finding of institutional negligence or of Petitioner's future dangerousness and the court does not need to examine every piece of evidence previous counsel could have presented in order to fully consider Petitioner's claim. With the inclusion of Mr. Aiken's expert opinion, the record currently

PJG

before the court is sufficient to evaluate the merits of Ground Six. No further factual development is necessary on this claim. *See Smith v. Mahoney*, 596 F.3d 1133, 1151-52 (9th Cir. 2010) ("[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim."), *amended and superceded on other grounds*, 611 F.3d 978 (9th Cir. 2010) (quoting *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005)). Accordingly, Petitioner's motion is denied as to this request.

*Greenville County Detention Center Materials*

In addition to the civil litigation file, Petitioner requests a wide range of information about the Greenville County Detention Center. Petitioner's motion lists twelve requests, ranging from information about the physical layout of the detention center to information about recreational time and educational programming for prisoners. (*See* ECF No. 92 at 3-5). The motion simply lists these requests, without discussion or analysis. However, even assuming Petitioner's discussion of the civil litigation file also applies here, the court cannot determine which specific allegations these materials would support or identify a factual dispute they could resolve. While the requested information arguably may contribute to a discussion of institutional negligence, Petitioner's general allegation of institutional negligence is conclusory and further factual support is neither warranted nor needed to fully and fairly resolve Petitioner's claims in Ground Six. *See Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997) ("Rule 6 does not, however, sanction fishing expeditions based on a petitioner's conclusory allegations."). Accordingly, Petitioner's motion is denied as to this request.

In addition, Petitioner references the possibility of an evidentiary hearing in his reply (ECF No. 114 at 3) and in a supplemental status report (ECF No. 143). To the extent Petitioner has requested an evidentiary hearing on this matter, for the reasons stated above, that request is also

PJG

denied. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegation, which, if true, would entitle the applicant to federal habeas relief.").

Based on the foregoing, it is hereby

**ORDERED** that Petitioner's Second and Renewed Motion and Request for Authority to Conduct Discovery (ECF No. 92) is **DENIED**.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 8, 2017
Columbia, South Carolina