IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens, | Case No. 0:16-cv-02512-TLW |
| PETITIONER | |
| v. | |
| Bryan P. Stirling, *Commissioner, South Carolina Department of Corrections*; Willie D. Davis, *Warden, Kirkland Correctional Institution*, | **Order** |
| RESPONDENTS | |

Before the Court is Petitioner Freddie Owens' motion to alter or amend the Court's order dismissing his § 2254 petition. A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

## I. Analysis

Owens raises three bases for relief in his motion: (1) the Court "failed to properly apply the standard for determining whether to grant a certificate of appealability" (COA); (2) the Court did not address his "central argument" for relief on Ground Three; and (3) the Court did not address his "actual claims" on Ground Four. ECF No. 219.

### A. Certificate of appealability

In Owens' first argument, he says that the Court improperly analyzed the COA analysis

1

because it first decided the merits of his petition and then justified its denial of a certificate of appealability based on that merits decision. In support of his argument, he relies on two Supreme Court cases: *Buck v. Davis*, 137 S. Ct. 759 (2017) and *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

*Buck* and *Miller-El* do not resolve the question before this Court because they both involve the standard that a court of appeals—not a district court—must apply to the COA analysis. *See Buck*, 137 S. Ct. at 773; *Miller-El*, 537 U.S. at 335–36. Under § 2253(c), a court of appeals does not have jurisdiction to consider an appeal from a district court's ruling on a habeas petition unless the court of appeals issues a COA. *See* 28 U.S.C. § 2253(c)(1); *Buck*, 137 S. Ct. at 773; *Miller-El*, 537 U.S. at 336. In that context, the Supreme Court concluded that a court of appeals errs if it considers the merits of a habeas petition prior to making the threshold decision on the COA question because in that situation, it would be "in essence deciding an appeal without jurisdiction." *Miller-El*, 537 U.S. at 337. A district court has no such jurisdictional hurdle to overcome. District courts are in a different position from courts of appeals when conducting the COA analysis under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Proceedings. ECF No. 220 at 3.

Owens cites *Buck* for the argument that "when a court denies a COA after only reviewing the merits of a petitioner's claims, it improperly 'inverts the statutory order of operations' and places 'too heavy a burden on the prisoner at the COA stage.'" ECF No. 219 at 3 (citing *Buck*, 137 S. Ct. at 774). His argument that a district court should consider whether to grant a COA prior to deciding the merits of the case is not persuasive. As the Supreme Court has noted, "[a]t the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck*,

137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 327). But a district court has to make its decision on the merits before it considers whether its conclusions are debatable; a district court can't consider whether the conclusions are debatable until it figures out what those conclusions are. *See, e.g.*, *Dilingham v. Warden*, No. 1:13-cv-468, 2017 WL 2569754, at *2 (S.D. Ohio June 14, 2017) ("Obviously the habeas trial court cannot decide the appealability question first; it has to decide the merits first before it can decide whether its conclusions are debatable among reasonable jurists."). There is no merit to this argument.[1]

### B. Ground Three – Crime scene video

In Owens' second argument, he challenges the Court's ruling on the third ground for relief in his habeas petition—that sentencing counsel were ineffective in not objecting or requesting proper instructions from the trial court regarding the crime scene video. Specifically, he says that the Court didn't address his argument that sentencing counsel were ineffective "for failing to ensure that jurors knew that the identities of the men in the video had never been conclusively determined in any prior proceeding, and that jurors who found Owens guilty in 1999 were instructed that they could find Owens guilty under a theory of accomplice liability without ever determining whether or not he actually pulled the trigger." ECF No. 219 at 4–5. His argument is not persuasive.

> In Owens' petition, he summarized the video as follows:
>
> The video does indeed show two masked men dressed in dark clothing entering the Speedway store, but it is impossible to determine their identities. After the two men enter, the video focuses primarily on a single man standing in front of the counter, directly opposite Ms. Graves and pointing a gun at her head. The second man is not visible for most of the remainder of the video. The man opposite the

---

[1] The Court notes that the Fourth Circuit has the authority to reach its own conclusions as to the issuance of a COA when it makes its *de novo* review of this Court's COA decision.

3

> counter continues pointing his gun at Ms. Graves and then she falls backwards to the floor before the two men run away out of the store.

ECF No. 117 at 73 (citation omitted). As the Court said in its order, "[t]he PCR court noted that the jury 'heard testimony that Owens was the triggerman, that he shot Graves while standing behind the counter and near the safe, and that he shot Graves because she would not open the safe.'" ECF No. 216 at 39 (quoting ECF No. 16-14 at 151). It is not reasonable for Owens to assert or believe that the jury would have concluded that he was the man standing in front of the counter when there were two perpetrators in the video and testimony at sentencing that Owens was the one behind the counter.

There is also no merit to Owens' argument that neither the PCR court nor this Court ruled on his argument that sentencing counsel were ineffective in not requesting an instruction about the video. The record reflects otherwise. The Court cited the PCR court's conclusion that "'any jury instruction that the court could have given regarding the contents of the video would have required the court to comment upon the facts of the case, which would have been improper.'" *Id.* at 37 (quoting ECF No. 16-14 at 151). The Court also noted the PCR court's conclusion that, in any event, he could not show prejudice from the lack of objection or request for an instruction. *Id.* (citing ECF No. 16-14 at 151). Then, when considering the R&R and objections, the Court said that "regarding any instruction from the judge about the video, Owens cannot show that sentencing counsel were ineffective in failing to request some sort of clarifying instruction. The PCR court correctly noted any such instruction would have been improper." *Id.* at 39 (citing ECF No. 16-14 at 151). Owens may not agree with the PCR court's or this Court's evaluation of his argument, but his argument was properly considered and addressed in the respective orders.

### C. Ground Four – Officer Wood's testimony

In Owens' third argument, he challenges the Court's ruling on the fourth ground for relief in his habeas petition—that sentencing counsel were ineffective in not objecting to Officer Wood's testimony that Owens gave Wood "cold chills." Specifically, he says that the Court didn't address his argument that sentencing counsel were ineffective because they "should have objected to the testimony because it injected an arbitrary, irrelevant, inflammatory, and prejudicial fact into jurors' sentencing considerations." ECF No. 219 at 8. He is not entitled to relief on this argument.

To the extent that Owens argued was that this testimony violated his due process rights, there is no merit to that argument. He cites *Buck* in support of his position, but that case doesn't support his position. Testimony from an officer that he got cold chills after a murder suspect referred to himself as "a real menace" and said that he wanted "to be remembered as the one who killed the most people in Greenville," ECF No. 16-3 at 165, is completely different from the situation described in *Buck*, where defense counsel called his own expert who testified that the defendant was more likely to be a future danger because he was black—a comment related to race. *See Buck*, 137 S. Ct. at 775. There is no persuasive argument that Officer Wood's testimony was constitutionally improper.

The PCR court also concluded that Owens could not show prejudice as a result of this testimony, as he could not prove that there was a reasonable probability that he would have received a life sentence if sentencing counsel had objected. ECF No. 16-14 at 153–54. The PCR court did not make unreasonable factual findings or unreasonably apply federal law in reaching that conclusion.

## II. Conclusion

For the reasons above and in the order dismissing Owens' § 2254 petition, the Court concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order. His motion for reconsideration, ECF No. 219, is **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

November 1, 2018
Columbia, South Carolina