IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens,<br><br>PETITIONER<br><br>v.<br><br>Bryan P. Stirling, *Commissioner, South Carolina Department of Corrections*; Willie D. Davis, *Warden, Kirkland Correctional Institution*,<br><br>RESPONDENTS | Case No. 0:16-cv-02512-TLW<br><br><br>**Order** |

This is a capital habeas corpus action brought pursuant to 28 U.S.C. § 2254 by Petitioner Freddie Owens against Respondents Bryan P. Stirling and Willie D. Davis (collectively, the State). This matter is now before the Court on Owens' motion requesting the appointment of Emily Paavola as local counsel, and motions supporting the *pro hac vice* applications of Robert Lee, Elizabeth Peiffer, and Gerald King Jr., all of whom seek to represent Owens "in the remaining stages of his post-conviction proceedings."[1] ECF No. 232 at 1. The filed motion specifically raises representation in "state clemency proceedings" and notes the language in 18 U.S.C. § 3599(e) referencing representation in "all available" proceedings. *See id.* at 3–4.

The Court will briefly summarize this case's procedural history. Owens was sentenced to death by a South Carolina jury for the 1997 murder of a convenience store clerk committed during a robbery of the store. His direct appeal and post-

---

[1] Each of the motions state that the State has no objection to their appointment.

1

conviction proceedings in state court were unsuccessful.[2] He then filed this federal habeas action, but this Court granted the State's motion for summary judgment and dismissed his petition. The Fourth Circuit affirmed. He then filed a petition for a writ of certiorari from the Supreme Court, which remains pending. *See generally Owens v. Stirling*, 967 F.3d 396, 403 (4th Cir. 2020) (summarizing the procedural history), *petition for cert. filed*, No. 20-975 (U.S. Jan. 15, 2021).

Owens was represented by CJA attorneys John Delgado and Hank Ehlies during the bulk of his habeas proceedings before this Court. But on appeal, the Fourth Circuit relieved them from further representation and appointed Mr. Lee and Michael Williams. Before the Supreme Court, Owens continues to be represented by Mr. Williams and Mr. Lee, and they have now been joined by Ms. Peiffer.

In 1988, Congress passed legislation, now codified at § 3599, that expanded the role of federally-appointed counsel for death-sentenced inmates in certain limited state proceedings. The Supreme Court addressed this expansion in *Harbison v. Bell*, 556 U.S. 180 (2009), which is discussed in the next paragraph. Regarding the specific language in § 3599(e), an indigent prisoner sentenced to death—whether by a state or federal court—is entitled to federally-appointed habeas counsel, who will represent him "throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the

---

[2] His first two appeals to the South Carolina Supreme Court resulted in new sentencing hearings, but the third time a death sentence was imposed, it was affirmed.

defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." Recent caselaw has outlined the scope of representation authorized by this statute.

As noted, the Supreme Court in *Harbison* addressed the parameters of legal representation under § 3599(e). That case involved a death-sentenced state inmate who, after failing to obtain federal habeas relief, sought appointment of counsel under § 3599(e) to pursue state clemency, as the state did not provide clemency counsel. *See Harbison*, 556 U.S. at 182. The Government argued that the statute only authorized representation in federal proceedings, but the Court determined that "[t]he Government's argument is not convincing." The Court concluded that "subsection (e) authorizes counsel to represent her client in 'subsequent' stages of available judicial proceedings." *Id.* at 189. This would not include, for example, post-appointment state habeas proceedings because "[s]tate habeas is not a stage 'subsequent' to federal habeas."³ *Id.* However, the Court held that § 3599(e) authorization would include the state clemency proceedings. *Id.* at 183.

While the Fourth Circuit has not yet addressed this issue, the Sixth Circuit has provided helpful guidance on the topic. In discussing the *Harbison* petitioner, the Sixth Circuit stated that he was entitled to federally-funded counsel "because his state clemency proceedings were 'subsequent' to his federal habeas proceedings, not just chronologically but in terms of the way the sequence of legal proceedings *should*

---

³ The Court noted that there is an exception to this when counsel must exhaust a claim in state court as part of the federal habeas proceeding. *Id.* at 190 n.7.

3

work." *Hand v. Houk*, 826 F. App'x 503, 506 (6th Cir. 2020) (emphasis in original). The Sixth Circuit noted that it had previously denied appointment of counsel in another case because "federally funded counsel are not available under § 3599(e) to a prisoner seeking to reopen a state post-conviction judgment on a state law ground that is not an attempt to exhaust a claim in order to present it in federal court." *Id.* at 507 (citing *Irick v. Bell*, 636 F.3d 289, 292 (6th Cir. 2011)). In *Hand*, the Sixth Circuit followed that logic to deny the appointment of counsel for that petitioner because he sought "to reopen his state post-conviction petition to introduce new evidence to show that the state court erred by dismissing his claim of ineffective assistance of counsel as barred by *res judicata*." *Id.* at 507–08. Thus, as the Sixth Circuit explained in discussing *Harbison*, § 3599(e) authorizes the appointment of federally-funded counsel only for those proceedings that are both chronologically and procedurally "subsequent" to a state prisoner's federal habeas proceeding.

Having addressed the scope of the appointments authorized by § 3599(e), as explained by the Supreme Court and the Sixth Circuit, the Court now turns to the specific motions currently before the Court. Ms. Paavola is a South Carolina attorney who works for Justice 360 and was previously its Executive Director when the organization was known as Death Penalty Resource & Defense Center. Mr. Lee and Ms. Peiffer work for Virginia Capital Representation Resource Center in Charlottesville—Mr. Lee as Executive Director and Ms. Peiffer as Senior Staff Attorney. Mr. King is Chief of the recently-created Capital Habeas Unit for the Fourth Circuit, which represents death-sentenced inmates in federal habeas and

4

state clemency proceedings throughout the Fourth Circuit and is based out of the office of the Federal Public Defender for the Western District of North Carolina. Each of these attorneys have extensive experience in capital litigation, both in state and federal court, and meet § 3599's criteria for appointment.

Having concluded that counsel satisfy the standards for appointment in § 3599, Owens' motion for appointment of Ms. Paavola as local counsel, ECF No. 232, and the motions in support of the *pro hac vice* applications of Mr. Lee, Ms. Peiffer, and Mr. King, ECF No. 233, 234, 235, are **GRANTED** without requiring payment of the application fee. Within 30 days of the date of this order, appointed counsel shall consult with the Fourth Circuit's Case Budgeting Attorney and submit to the Court a proposed initial clemency budget pursuant to § 680.30(a) of Guide to Judiciary Policy, Volume 7A.[4]

**IT IS SO ORDERED.**

                                      *s/ Terry L. Wooten*
                                      Terry L. Wooten
                                      Senior United States District Judge

April 8, 2021
Columbia, South Carolina

---

[4] The Court notes that Ms. Paavola represents that she will serve as pro bono local counsel and that Mr. King's service will not require payment of attorney's fees to him due to his position as a federal public defender. ECF No. 232 at 5–6.